# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TASHIRO RUDY TILLMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-183-JED-TLW** |
| | ) | |
| **JEFF WOODY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus (Doc. 13). Respondent filed a brief in support of the motion to dismiss (Doc. 14), along with supplements to the supporting brief (Docs. 17, 18, 19). Petitioner, a state inmate appearing *pro se*, filed a response (Doc. 15) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). In the alternative, Respondent argues that because Petitioner's post-conviction appeal remains pending at the Oklahoma Court of Criminal Appeals (OCCA), the petition should be dismissed for failure to exhaust state remedies. *See* Doc. 14 at 7. For the reasons discussed below, the Court finds that Petitioner failed to exhaust state remedies before commencing this federal habeas action. Therefore, Respondent's motion to dismiss is granted and the petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

## *BACKGROUND*

Petitioner Tashiro Rudy Tillman was convicted by a jury of Unlawful Possession of Cocaine (Count I), After Former Conviction of Two or More Felonies, and Obstructing an Officer (Count II)

in Tulsa County District Court, Case No. CF-2005-3654.  On January 17, 2006, Petitioner was sentenced to twenty (20) years imprisonment on Count I and to three (3) months imprisonment on Count II, with the sentences to be served concurrently.

Petitioner commenced a direct appeal of his convictions to the OCCA.  On June 29, 2007, the OCCA affirmed the judgment and sentence in Case No. F-2006-132.  Nothing in the record suggests that Petitioner filed a petition for writ of certiorari at the United States Supreme Court.

On June 25, 2010, Petitioner filed an application for post-conviction relief (Doc. 14-1).[1]  The state district judge appointed an attorney from the public defender's office, Curtis Allen, to represent Petitioner in his post-conviction proceeding.  *See* Doc. 2 at 3.  On March 7, 2012, Mr. Allen filed a supplement to the application for post-conviction relief.  *See* Doc. 14-3.  The district judge denied the requested relief on April 10, 2012.  *See* Doc. 14-5.  Petitioner then appealed to the OCCA.  In his brief in support of his petition in error, Petitioner raised two claims of error, as follows:

> Proposition I:    The court erred as a matter of law when it adopted the State's legal theory that post conviction relief based upon previously undisclosed evidence [of] police officer misconduct relating to credibility may only be predicated upon misconduct committed by the police officer in the original case.

> Proposition II:   The court erred as a matter of law when it adopted the State's legal theory that if a police officer is convicted of misconduct pertaining to credibility, *Brady* and *Giglio* do not apply for any misconduct predating the date of the earliest offense for which there was a conviction, even if the misconduct pertaining to credibility was previously conceded by the State and found by a judge.

---

[1]On the face of Petitioner's application for post-conviction relief, the file-stamp date of June 25, 2010 has been crossed out.  A new file-stamp date of October 21, 2010, has been placed on the document.  *See* Doc. 14-1.  The docket sheet for Case No. CF-2005-3654, viewed at www.oscn.net, reflects two entries for the filing of an application for post-conviction relief, one on June 25, 2010, and another on October 21, 2010.  Respondent concedes that an application for post-conviction relief was filed on June 25, 2010.  *See* Doc. 14 at 2.

*See* Doc. 19-1.  On November 13, 2012, the trial court judge filed a response brief as ordered by the

OCCA.  *See* Doc. 14-6.  However, as acknowledged by Petitioner (*see* Doc. 2 at 4) Petitioner's post-

conviction appeal remains pending before the OCCA.  *See* Docket Sheet for Case No. PC-2012-412,

viewed at www.oscn.net.

On March 27, 2013, Petitioner filed his federal petition for writ of habeas corpus (Doc. 1)

and supporting brief (Doc. 2).  In his petition, Petitioner identifies two claims, along with statements

of fact supporting those claims, as follows:

Ground one:     The prosecution suppressed favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963).

The Petitioner's trial on a drug charge occurred on January 11-12, 2006. Then-police officer Jeff Henderson (the prosecution's key witness) at the Petitioner's trial "sealed the deal" for the prosecution. Before the Petitioner's trial, Henderson was involved in criminal misconduct (2004 and 2005) in which the state later conceded, and state and federal judges have found. Said evidence regarding Henderson's misconduct was suppressed by the prosecution in violation of *Brady*.

Ground two:     Newly-discovered evidence establishes that the Petitioner is entitled to the vacation of his conviction.

New evidence affecting the credibility of then-police officer Jeff Henderson (the State's key witness), i.e., evidence of civil rights violations and perjury, among other criminal conduct, supports a conclusion that the Petitioner is entitled to relief in the interest of justice.

*See* Doc. 1.  Petitioner first presented these claims to the OCCA on post-conviction appeal.  *See* Doc.

19-1.  That post-conviction appeal remains pending.  Respondent argues that consideration of this

habeas corpus petition is precluded by the one-year statute of limitations provided at 28 U.S.C. §

2244(d).  *See* Docs. 13, 14.  In the alternative, Respondent argues that the petition should be

dismissed for failure to exhaust state remedies.  *See* Doc. 14.

### ANALYSIS

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

The burden of proving exhaustion rests with the prisoner. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. *Coleman*, 501 U.S. at 731-32. If an

4

applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); *accord Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability . . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

After a review of the petition and the state record provided by Respondent, the Court finds Petitioner commenced this federal habeas action prematurely.  Petitioner first raised the substance of his habeas claims to the OCCA on post-conviction appeal in Case No. PC-2012-412.  As readily acknowledged by Petitioner, that appeal remains pending before the OCCA.[2]  Thus, the claims raised in the habeas petition before this Court are unexhausted and no exception to the exhaustion doctrine is applicable.  For those reasons, the petition shall be dismissed without prejudice.

In summary, the claims raised in this petition are unexhausted.  Should Petitioner fail to obtain relief from the OCCA at the conclusion of his post-conviction appeal, he may promptly file a new federal petition for writ of habeas corpus in this Court raising any claim he has fairly

---

[2]Petitioner states that his post-conviction appeal attorney told him that the OCCA "may have lost or misplaced his appeal in a 'stack of papers' or something."  *See* Doc. 1 at 12.  Therefore, he "decided to file [this petition] instead of waiting until possibly after the Petitioner's release for a decision by the [OCCA]." *Id.*  However, this Court is not authorized to dispense with the exhaustion requirement.

presented to the OCCA.[3]  Should Petitioner file a new habeas corpus action, Respondent may reassert the motion to dismiss as time barred.  *See* 28 U.S.C. § 2244(d).

Therefore, Respondent's request for dismissal of this action based on Petitioner's failure to exhaust state remedies shall be granted. The petition shall be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or

---

[3]Petitioner is advised that, to insure prompt receipt of any post-conviction ruling by the OCCA, he must apprise Mr. Allen, his post-conviction attorney, and/or the Tulsa County Public Defender's Office, as well as the OCCA of his current mailing address.

incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. Hence, a certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.    Respondent's motion to dismiss (Doc. 13) is **granted**, based on the alternative ground of failure to exhaust state remedies;

2.    The petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice** for failure to exhaust state remedies;

3.    A certificate of appealability is **denied**; and

4.    A separate judgment shall be entered in this matter.

ORDERED THIS 4th day of February, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE